**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4610**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TYWONE ELI REED,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Patrick Michael Duffy, Senior District Judge. (2:16-cr-00951-PMD-1)

Submitted: October 10, 2019                    Decided: November 15, 2019

Before GREGORY, Chief Judge, and AGEE and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joshua Snow Kendrick, KENDRICK & LEONARD, P.C., Greenville, South Carolina, for Appellant. Sherri A. Lydon, United States Attorney, Nick Bianchi, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tywone Eli Reed appeals his convictions for possession with intent to distribute 100 grams or more of a mixture containing heroin, a quantity of cocaine base, and a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), (C) (2012); possession of firearms and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e) (2012); possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k) (2012), and possession of firearms in furtherance of drug trafficking, in violation of 18 U.S.C.A. § 924(c)(1)(A)(i) (West 2015 & Supp. 2019). Finding no reversible error, we affirm.

On appeal, Reed first argues that the Government failed to lay a foundation to establish Agent Barry Powers as an expert to testify regarding drug code words, and that his testimony was inappropriate as a lay opinion because it was not based on personal knowledge. Reed did not raise this claim in the district court, and we therefore review this claim for plain error. *See United States v. Perkins,* 470 F.3d 150, 155 (4th Cir. 2006). To prevail, Reed must show "error that is plain and that affects substantial rights." *United States v. Olano,* 507 U.S. 725, 732 (1993) (brackets and internal quotation marks omitted). We will not correct a plain error unless it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (brackets and internal quotation marks omitted).

Assuming that the district court plainly erred, we conclude that the error in admitting Powers' testimony did not seriously affect Reed's substantial rights, as the items found in Reed's home overwhelmingly established his guilt at trial. The record reveals that the officers who searched Reed's home found four firearms (including one with an obliterated

2

serial number), 439 rounds of ammunition, over $3,800, 20 oxycodone pills, several thousand rubber bands, a digital scale, a plate containing an off-white rocklike substance, a razor blade, baggies, a measuring cup containing white residue, a drug ledger, 224.91 grams of cocaine, 20.37 grams of crack cocaine, and 206.33 grams of heroin. "Where the evidence is overwhelming and a perfect trial would reach the same result, a substantial right is not affected." *United States v. Cherry,* 720 F.3d 161, 167-68 (4th Cir. 2013) (internal quotation marks omitted).

Reed next argues that the district court erred in admitting the expert testimony of Agent Tod Briggs, a former agent for the Drug Enforcement Administration. We review the district court's decision to admit expert testimony for abuse of discretion. *United States v. Landersman,* 886 F.3d 393, 411 (4th Cir. 2018). Pursuant to Fed. R. Crim. P. 52(a), evidentiary rulings are subject to harmless error review. *United States v. Cloud,* 680 F.3d 396, 401 (4th Cir. 2012). "In order to find a district court's error harmless, we need only be able to say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." *Id.* (internal quotation marks omitted).

We conclude that the district court properly admitted the expert testimony of Briggs as "[i]t is well established that narcotics officers can be appropriately designated as experts on the drug market and drug jargon." *United States v. Johnson,* 617 F.3d 286, 294 (4th Cir. 2010). We have consistently permitted law enforcement officers to testify as experts on the drug trade based on their experience and training. *See, e.g., United States v. Galloway,* 749 F.3d 238, 243-45 (4th Cir. 2014); *United States v. Wilson,* 484 F.3d 267,

3

275-76 (4th Cir. 2007); *United States v. Hopkins,* 310 F.3d 145, 150-51 (4th Cir. 2002). Although Reed argues that Briggs' testimony was overly broad and had no link to his case, Briggs' testimony was relevant to give the jury an understanding of the quantities of cocaine and heroin typically involved in distribution, the link between the drug trade and firearms, and to provide context to some of the items found during the search of Reed's residence. Moreover, contrary to Reed's argument on appeal, Rule 702 did not require Briggs to explicitly link his testimony to the specific facts of Reed's case. According to the Advisory Committee Notes to Rule 702, "an expert on the stand may give a dissertation or exposition of scientific or other principles relevant to the case, leaving the trier of fact to apply them to the facts." *See Kopf v. Skyrm,* 993 F.2d 374, 378 (4th Cir. 1993). Thus, we discern no error in admitting this testimony.[*]

Reed next claims that the district court should have dismissed the indictment for outrageous government conduct after law enforcement failed to produce a video from a helmet camera worn by Agent John Prevatte. The Supreme Court has recognized that, in an extreme case, governmental misconduct may be so outrageous as to require dismissal of charges against a defendant under the Due Process Clause of the Fifth Amendment. *United States v. Russell,* 411 U.S. 423, 432 (1973). Such claims, however, are difficult to support and rarely successful. *United States v. Hasan,* 718 F.3d 338, 342-43 (4th Cir.

---

[*] Even if we assume that the district court abused its discretion in admitting Briggs' testimony, any resulting error would be harmless in light of the overwhelming evidence establishing Reed's guilt at trial. *See United States v. Smith,* 919 F.3d 825, 839-40 (4th Cir. 2019); *Cloud,* 680 F.3d at 401.

4

2013). In fact, we have "never held in a specific case that the government has violated the defendant's due process rights through outrageous conduct." *Id.* at 343. "In order to constitute a due process violation, the government's conduct must be so outrageous as to shock the conscience of the court" or "offensive to traditional notions of fundamental fairness." *United States v. Osborne,* 935 F.2d 32, 36-37 (4th Cir. 1991) (internal quotation marks omitted).

Upon review, we conclude that the conduct of the Government falls far short of this standard. As noted by the district court, law enforcement's response to Reed's request for videos was disconcerting. There is no indication, however, that the officers were acting in bad faith; rather, it appears that there were miscommunications as a result of poor recordkeeping and a failure of different agencies to share information. Additionally, it is unclear whether Prevatte's camera ever recorded a video, and as found by the district court, any video would have been largely duplicative of the video recorded by Agent Powers, which was provided to Reed and entered into evidence. Because there is no evidence of outrageous conduct in this case, we conclude that there were no grounds for dismissal of the charges.

Reed also argues that the district court erred in failing to give a spoliation charge to the jury on the ground that Prevatte could not account for what happened to his video. We review a decision not to give a jury instruction for abuse of discretion. *United States v. Hill*, 927 F.3d 188, 209 (4th Cir. 2019).

> A refusal to grant a requested instruction is only reversible error if the instruction (1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that

5

failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense.

*Id.* (internal quotation marks omitted).

Here, the requested instruction did not deal with "some point in the trial so important that failure to give the requested instruction seriously impaired [Reed]'s ability to conduct his defense." *Id.* (internal quotation marks omitted). The record reveals that Reed believed that the footage from Agent Prevatte's camera would show that he asked to see a search warrant. This issue, however, pertained to the motion to suppress, which had already been considered and rejected by the district court and was not before the jury. We find no abuse of discretion in the district court's denial of Reed's request for a spoliation charge.

Finally, Reed argues that there was insufficient probable cause to support the search warrant of his home. When considering the denial of a motion to suppress, we review legal determinations de novo and factual findings for clear error. *United States v. White,* 850 F.3d 667, 672 (4th Cir. 2017). A judicial officer's probable cause determination is accorded great—but not boundless—deference, *Smith v. Munday,* 848 F.3d 248, 255 (4th Cir. 2017), and will be upheld if there was a substantial basis for the decision, *United States v. Lalor,* 996 F.2d 1578, 1581 (4th Cir. 1993). Reed concedes, however, that he did not move to suppress on this ground and that the claim is therefore subject to plain error review. *See Olano,* 507 U.S. at 732.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures" and states that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation,

6

and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. "Probable cause exists when the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that contraband or evidence of a crime will be found." *United States v. Patiutka*, 804 F.3d 684, 690 (4th Cir. 2015) (internal quotation marks omitted). Importantly, a search warrant should not be invalidated by interpreting the supporting affidavit "in a hypertechnical, rather than a commonsense, manner." *Illinois v. Gates*, 462 U.S. 213, 236 (1983) (internal quotation marks omitted). Ultimately, the issue of whether probable cause exists must be determined by looking at the totality of the circumstances. *Id.* at 238.

We find Reed's argument that there was insufficient corroboration of information provided by the informant to be unpersuasive. Confirmation of even the innocent details of an informant's tip lend credibility to unconfirmed allegations of criminal conduct. *See Gates,* 462 U.S. at 244; *Lalor,* 996 F.2d at 1581. Here, the officers confirmed information provided by a concerned citizen, including the specific address where the drugs were allegedly being sold and the description of particular vehicles. Additionally, two controlled buys were conducted by a confidential informant at Reed's residence. Although we have cautioned that a controlled buy is not *per se* sufficient to establish probable cause, *see United States v. Lull,* 824 F.3d 109, 119 (4th Cir. 2019), the controlled buys were recorded and corroborated the concerned citizen's account of drug distribution. We therefore conclude that there was probable cause to support the search warrant and that Reed cannot establish that any plain error occurred.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*